Charles H. SULLIVANT, Plaintiff,

v.

Patricia Roberts HARRIS, Secretary of
Health and Human Services,
Defendant.

Civ. A. No. 78–2250.

United States District Court,
D. Kansas.

Sept. 19, 1980.

Albert Copaken, Sylvia Copaken, Copaken & Copaken, Kansas City, Mo., Ron Bodinson, Payne & Jones, Olathe, Kan., for plaintiff.

Douglas B. Comer, Asst. U. S. Atty., Kansas City, Kan., Paul P. Cacioppo, Dept. of Health & Human Services, Kansas City, Mo., D. Samuel Borin, Regional Atty., Region VII, Dept. of Health & Human Services, Washington, D. C., for defendant.

## MEMORANDUM & ORDER

SAFFELS, District Judge.

This proceeding was instituted by plaintiff against the Secretary of Health and Human Services (formerly Health, Education and Welfare), as authorized by Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for the purpose of obtaining judicial review of a final decision of the Secretary's termination of his disability insurance benefits. Both parties in this action have submitted motions for summary judgment supported by briefs. After a careful review of these briefs and the record, the Court is prepared to summarily dispose of this case.

The plaintiff filed an application for disability insurance benefits on August 19, 1976, to establish a period of disability beginning March 27, 1976 (Record at 62–65), stating his disability was high blood pressure and circulatory problems. This request was denied by the Social Security Administration (hereafter SSA) on November 2, 1976. (Record at 66.) On November 22, 1976, the plaintiff filed a request for reconsideration of his claim. (Record at 68.) This reconsideration resulted in a favorable determination on December 29, 1976, stating that the claimant was disabled beginning March 27, 1976, with a diagnosis of generalized arteriosclerosis with peripheral vascular insufficiency, emphysema, and controlled hypertension. (Record at 69.) There is no record that this determination was communicated to the plaintiff until August 2, 1977, when he was sent a letter regretting the delay in sending his benefits. (Record at 196.) This occurred after the claimant contacted Senator Bob Dole for assistance in obtaining payments. (Plaintiff's Exhibits 1, 2 and 3.) Plaintiff then received two payments, one for $330.10 and one for $114.30. (Plaintiff's Exhibit 6.)

On February 14, 1978, the SSA terminated the claimant's benefits stating that he was not disabled, although his diagnosis was "[g]eneralized arteriosclerosis; COPD, mild; hypertension." (Record at 70.) This termination was communicated to the claimant in a letter dated March 30, 1978. (Record at 72–73.) This letter was accompanied by a form entitled "Additional Information About Your Reconsideration Decision," which stated:

"The law provides for termination of a period of disability if medical evidence shows that a person can engage in substantial gainful work or if he has demonstrated his ability to perform such work. Disability ends in the month in which the individual's medical condition permits him to perform substantial gainful work. Benefit payments are continued, however, for two months following the month in which disability ends." (Record at 73.)

The only notice of any impending termination of the right to payments was a letter from Mr. David E. Scott on January 11, 1978, stating that the SSA had asked for a review of the claim. (Plaintiff's Exhibit 9.) The claimant was informed that a neurologist had suggested studies which called for hospital admission that would have to be undertaken by the claimant. This was mailed to claimant a month and three days before his claim was ultimately terminated by the SSA.

■ Based upon the record before it, THE COURT FINDS that the claimant has been denied due process prior to the termination of disability insurance benefits. In *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the Supreme Court ruled that a recipient of Social Security disability payments was not assured a right to an evidentiary hearing under the Due Process Clause. However, there, the disability recipient was sent a detailed questionnaire relevant to the entitlement decision, and was afforded full access to the information relied upon prior to the termination of benefits. The recipient was given an opportunity to submit additional arguments and evidence. The facts in the case at hand, however, do not present such a protection of the claimant's rights.

Here, benefits to the claimant were stopped after he received two payments. There was no notice or explanation given for this termination. The claimant was not given any opportunity to review information relied upon by the SSA, nor to present any evidence. The letter by Mr. Scott on January 11, 1978, was the first notice that his entitlement to benefits was in danger. THE COURT FINDS that this was not sufficient notice to afford the claimant an opportunity to present additional medical evidence before a determination which was finalized on February 14, 1978.

■ The defendant has argued that the due process requirements do not apply because this was a reopening of an initial determination as opposed to a termination of benefits. 20 C.F.R. § 404.957 states that a reopening may occur within twelve

months of any notice of an initial determination to the party. In the instant case, there was never any notice of initial determination communicated to the party. The August 2, 1977, letter does not meet the standards set out in 20 C.F.R. § 404.905 as to what constitutes an initial determination of entitlement to monthly benefits. Thus, the only time frame found within the record is the determination of February 14, 1978, denying benefits, which states that it is a revision of the determination of December 29, 1976.

THE COURT FINDS that the Agency may not use its own errors or failures to properly notify applicants as a means to extend the period for a reopening. THE COURT THEREFORE FINDS that this is a termination of benefits to which the Due Process Clause applies.

The Court has considered the admirable briefs by both parties. However, in light of the decision to remand based upon the due process violations, it is not necessary to consider the other points raised.

WHEREFORE, THE COURT FINDS that the plaintiff was found to be disabled on December 29, 1976, and was entitled to benefits from March 27, 1976, until the termination notice on March 30, 1978. The benefits were to continue for two months after the termination. Therefore, plaintiff's motion for summary judgment is hereby sustained with regard to these payments. THE COURT HEREBY ORDERS the Secretary of Health and Human Services to reinstate the plaintiff's disability benefits up to the time of termination, plus two months, with credit to the Secretary for those benefits paid plaintiff prior to the termination. The Attorney for the plaintiff is directed to prepare, circulate and submit for the Court's approval a Journal Entry in accordance with the above order.

THE COURT FURTHER FINDS that the issue of termination can best be considered at the administrative level. Thus, the issue of termination is remanded for rehearing.

IT IS BY THE COURT ORDERED that plaintiff's motion for summary judgment

(Docket Entry No. 20) is sustained in part and denied in part in accordance with the above.

IT IS FURTHER ORDERED that defendant's motion for summary judgment (Docket Entry No. 22) is hereby denied.

IT IS FURTHER BY THE COURT ORDERED that this case be remanded for rehearing with regard to the termination of benefits to this plaintiff.